KELLY (ANTRIMS v.). See Case No. 494.

KELLY v. ATLANTIC & G. R. CO. See Case No. 7,299.

KELLY (CASE v.). See Case No. 2,492.

---

## Case No. 7,670.

### KELLY v. HARDING et al.

[5 Blatchf. 502.] [1]

Circuit Court, S. D. New York. Oct. 15, 1867.

JURISDICTION—CITIZENSHIP OF PARTIES—NEITHER CITIZEN WHERE SUIT BROUGHT—HOW CITIZENSHIP MUST APPEAR.

1. This court has no jurisdiction of a suit where one party is a citizen of Georgia and the other party is a citizen of Massachusetts.

2. The jurisdiction of this court must appear affirmatively by the record, and the want of jurisdiction need not be pleaded.

3. This court has no jurisdiction whatever over controversies between parties, all of whom, plaintiffs as well as defendants, are citizens of

states other than that in which the suit is brought.

[This was a bill in equity by John J. Kelly against David J. Harding and Ziba Nickerson, as administrators, etc., of John Payne, deceased.]

SHIPMAN, District Judge. The plaintiff, in his declaration, alleges, that he is a citizen of the state of Georgia, and that the defendants are citizens of the state of Massachusetts. This allegation excludes the jurisdiction of this court. The fact that a plea to the jurisdiction was not put in by the defendant, instead of a plea to the merits, does not help the case. One of the parties must be a citizen of the state where the suit is brought, and there must be a positive averment of that fact on the record. But, instead of that, the averment is exactly the reverse, and in advance shows that the court is without authority to try the cause. It is hardly necessary to say, that this is not like a case where the court has jurisdiction over the parties, after the service of process on the defendant, or a case where, though no service has been made on the defendant, he comes in and submits himself to the jurisdiction of the court, thus waiving a provision of the statute enacted for his protection. This court has no jurisdiction whatever over controversies between parties, all of whom, plaintiffs as well as defendants, are citizens of states other than that in which the suit is brought. This suit is therefore coram non judice, and a judgment upon its merits would be a nullity. Let an order be entered dismissing the suit for want of jurisdiction, without costs.